IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | |
|---|---|
| MELVIN SCHROEDER § | |
| VS. § | CIVIL ACTION NO.  1:05cv538 |
| DIRECTOR, TDCJ-CID § | |

### MEMORANDUM ORDER OVERRULING PETITIONER'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Melvin Schroeder, an inmate confined in the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding through counsel, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The court ordered that this matter be referred to the Honorable Earl S. Hines, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The magistrate judge has submitted a Report and Recommendation of United States Magistrate Judge. The magistrate judge recommends dismissing the petition as barred by the statute of limitations.

The court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record, pleadings, and all available evidence. Petitioner filed objections to the magistrate judge's Report and Recommendation.

Citing *United States v. Wynn*, 292 F.3d 226 (5th Cir. 2002), petitioner contends that he is entitled to equitable tolling because he relied on his attorney to file the petition within the statute of limitations. In *Wynn*, the attorney allegedly lied to his client about having filed a motion to vacate, set aside or correct sentence and told him to wait patiently for the judge's ruling. Relying on his

attorney's misrepresentation, the client failed to file a timely *pro se* motion. *Wynn*, 292 F.3d at 228-29. This case is distinguishable from *Wynn* because the petitioner does not allege that his attorney deceived him about having filed a timely petition. As the magistrate judge points out, the facts of this case mirror those in *Ott v. Johnson*, 192 F.3d 510 (5th Cir. 1999), in which the Fifth Circuit held that the petitioner was not entitled to equitable tolling where counsel filed the state application one day before the expiration of the federal statute of limitations.

Petitioner also contends that the Fifth Circuit's holding in *Fisher v. Johnson*, 174 F.3d 710 (5th Cir. 1999), should extend to the "mental incapacity of the lawyer or the lawyer's staff leading to the late filing of a habeas petition." (Objections at 4, n.1.) In *Fisher*, the Fifth Circuit recognized that the mental incompetency of a prisoner might support equitable tolling, but held that a brief period of incapacity during a one-year statute of limitations does not necessarily warrant equitable tolling. *Fisher*, 174 F.3d at 715. Even assuming that the petitioner would be entitled to equitable tolling if his attorney or a staff member was incompetent, petitioner has not alleged any facts demonstrating that equitable tolling is warranted in this case. Petitioner failed to identify any mentally incapacitated individuals who were working on his petition, or explain how this might have caused him to file an untimely petition.

The court has conducted a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). After careful consideration, the court concludes the objections are without merit.

## ORDER

Accordingly, petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct and the report of the magistrate judge is

**ADOPTED**. A final judgment will be entered in this case in accordance with the magistrate judge's recommendation.

So **ORDERED** and **SIGNED** this **15** day of **March, 2006.**

_____
Ron Clark, United States District Judge